IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEROY STANLEY COZART,**

                     **Plaintiff,**

      **v.**                                              CASE NO. 09-3216-SAC

**STATE OF KANSAS,**

                     **Defendant.**

**O R D E R**

This matter is before the court on a pro se pleading submitted for filing under 42 U.S.C. § 1983 by a person confined in the Johnson County Adult Detention Center in Olathe, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.[1]

**BACKGROUND**

Plaintiff states he has been confined since his May 2009 arrest for theft by deception, and contends he is entitled to immunity as a sovereign diplomat because he is the Bishop of 123 churches

---

[1] If the pro se complaint proceeds as one seeking habeas corpus relief under 28 U.S.C. § 2241, as construed herein by the court, then plaintiff's motion for leave to proceed in forma pauperis is granted based upon plaintiff's limited financial resources.

    If the complaint proceeds instead as one seeking relief under 42 U.S.C. § 1983, then plaintiff will be required to pay the full $350.00 district court filing fee over time as provided by payment of an initial partial filing fee assessed by the court, 28 U.S.C. § 1915(b)(1), and by automatic period payments from plaintiff's inmate trust fund account, 28 U.S.C. § 1915(b)(2), until the full district court filing fee has been satisfied.

worldwide. Plaintiff cites four preliminary hearings since his arrest, and being threatened with commitment to a mental hospital if he does not talk to a psychiatrist.[2] A fifth preliminary hearing is scheduled in November 2009.

Plaintiff contends no one is accepting his proof of innocence[3] and diplomatic sovereign immunity, and broadly claims he is being confined due to discrimination on the basis of his race, diplomatic status, and religion. Plaintiff further claims to have suffered emotional, psychological, and unidentified physical damage by Johnson County law enforcement staff and the Johnson County District Court, and seeks damages related to the alleged loss of a real estate deal with the City of Kansas City, Missouri, to purchase and renovate the Kemper Arena and the American Royal facility.

**ALLEGATIONS SOUND IN HABEAS CORPUS**

Because plaintiff essentially challenges the lawfulness of his present and continued confinement, relief lies in habeas corpus and must be pursued under 28 U.S.C. § 2241. A prisoner in state custody cannot use a § 1983 civil rights action to challenge the "fact or duration of his confinement." Preiser v. Rodriquez, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Full exhaustion of state court remedies is generally required before

---

[2] Pursuant to his faith, plaintiff states he does not talk to psychiatrists.

[3] Plaintiff claims others removed his briefcase from his home and wrote $165,000 in checks on church documents.

2

seeking habeas corpus relief in federal court. *See e.g.* <u>Capps v. Sullivan</u>, 13 F.3d 350, 354 n. 2 (10th Cir. 1993)(pretrial habeas petitioner alleging a violation of his speedy trial rights must first satisfy the exhaustion requirement that applies to actions brought pursuant to 28 U.S.C. § 2241).

The court finds any such habeas action, however, is subject to being summarily dismissed. To any extent plaintiff's somewhat delusional allegations assert a viable coherent claim, the court easily finds no federal intervention in plaintiff's ongoing state criminal proceeding is warranted where plaintiff is represented by appointed counsel in that state court action and the preliminary hearing is being continued to resolve plaintiff's mental competency. *See* <u>Younger v. Harris</u>, 401 U.S. 37 (1971)(narrowly proscribing federal injunctions and declaratory relief that interfere with on-going state criminal proceedings).

**NOTICE AND SHOW CAUSE ORDER TO PLAINTIFF**

The court thus directs plaintiff to show cause why this pro se action should not be liberally construed as one seeking habeas corpus relief under 28 U.S.C. § 2241, and dismissed without prejudice. The failure to file a timely response may result in this matter being so construed and dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted to the extent the complaint is construed as seeking habeas corpus relief under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that plaintiff is to show cause within twenty (20) days why this action should not be construed by the court as a habeas corpus action under 28 U.S.C. § 2241, and dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 21st day of October 2009 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge